## Wright v. PennDOT

C.P. of Perry County, no. 99-1105.

*Daniel McGuire,* for appellant.
*George Kabusk,* for appellee.

REHKAMP, *J.,* March 29, 2000—The narrow issue in this case is whether or not the appellant has met his burden of proof to refuse a blood test where he has indicated to the technician at the hospital, and previously to the arresting officer, that he is fearful of giving blood because of a prior bad experience with a surgery procedure in which he had to give blood and his veins popped up and his arm swelled up and became black and blue. Does the officer, at that point in time, have the obligation to offer an alternative to a blood test, being either a urine test at the hospital or a breath test, which apparently was not originally offered to the motorist because of technical problems with the Breathalyzer machine in operation in Perry County.

The parties are directed to review the following two cases: *Hatalski v. PennDOT*, 666 A.2d 386 (Pa. Commw. 1995), and *PennDOT v. Wilhelm*, 156 Pa. Commw. 24, 626 A.2d 660 (1993). According to the *Hatalski* decision at page 390 in reference to the *Wilhelm* decision, the Commonwealth Court stated "We held that where a licensee suffers from a medical condition whose existence, (1) affects the licensee's ability to perform the test and (2) is not obvious, the licensee is required to inform the officer of the condition so an alternative chemical test that the licensee could perform can be administered. If the officer was not so notified, the licensee is precluded from relying upon any such condition or inability as an affirmative defense to a suspension as a consequence of a test refusal."

The *Wilhelm* decision involved an attempt by the driver to perform a Breathalyzer test, which was administered five times but only one adequate breath sample was given on the third attempt. A refusal was noted since there must be two consecutive breath samples given. Wilhelm appealed and stated that prior to taking the Breathalyzer test, he informed the trooper that he had a pulmonary obstruction which prevented him from exhaling sufficiently to perform the test properly. The two troopers testified that the one trooper had specifically asked if he had any medical condition which would prevent him from performing the test and Wilhelm answered only that he had high blood pressure. The trial court there found that Wilhelm's testimony was credible and granted a continuance so that medical evidence would be presented to the court. The court did not find the medical evidence sufficient to sustain the driver's burden and found against the driver. However, the standard from these two cases

seems to indicate that upon being advised that the motorist cannot perform the test, then there may be some obligation on the officer to provide an alternative test. Certainly a urine test at a hospital could have been performed under the facts of our case.

Upon review of the above two cases, please submit any additional argument you care to make in writing by letter form within 10 days of this date and, upon request of either party through counsel, an argument conference will be scheduled by conference call by the court administrator.